IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT DEW, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | No: 11-1226 |
| v. | ) | |
| | ) | |
| CITY OF PITTSBURGH; | ) | U.S. District Judge Nora Barry Fischer |
| NATHAN HARPER, Pittsburgh | ) | |
| Bureau of Police; PAUL | ) | |
| DONALDSON, Deputy Chief, | ) | |
| Pittsburgh Bureau of Police; | ) | |
| Lt. ED TRAPP; DOUGLAS | ) | |
| HUGNEY; Officer CONDON, | ) | *ELECTRONICALLY FILED* |
| Badge No. 3561; OFFICERS | ) | |
| DOE 1-100, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S FIRST MOTION TO MODIFY SCHEDULING ORDER TO EXTEND FACT DISCOVERY DEADLINE**

AND NOW, comes Plaintiff, ROBERT DEW, by and through his legal counsel, ELMER STEWART RHODES, and files this First Motion to Modify Scheduling Order to Extend Fact Discovery Deadline. In support of this motion, Plaintiff states the following:

1.  The reasons for the requested extension of the May 31, 2012 discovery deadline are that Defense Counsel has failed to disclose the identity of the unidentified officers depicted and/or heard on the video of Plaintiff Rob Dew's arrest, as agreed during the February 22, 2012 Telephone Status Conference, despite being provided the exact time stamps from the video to aid Defense Counsel in the identification of the unidentified officers. Previously, on January 31, 2012, Defendants had provided the names of only two of the Miami-Dade (presumably) officers depicted or heard on the video and directly involved in Plaintiff's arrest: Lt. Ed Caneva, and Commander Nancy

Perez.  At the February 22, 2012 Telephonic Status Conference, Counsel for Defendants Paul Krepps stated that he needed Plaintiff Counsel to provide exact time stamps to aid Mr. Krepps in identifying the other officers depicted or heard on the arrest video who were directly involved with Plaintiff's arrest, and/or can be heard speaking with Plaintiff.  As noted in Document 34, HEARING ON Telephonic Status Conference, filed February 23, 2012, "Mr. Rhodes agreed to provide Mr. Krepps the exact time stamps to aid Mr. Krepps in the identification of unidentified Officers Doe 1-100 by March 12, 2012."  Undersigned Counsel for Plaintiff, Mr. Rhodes, did provide Mr. Krepps the exact time stamps from the arrest video on March 12, 2012, well over two months ago.  However, despite being provided those exact time stamps, and detailed descriptions of the officers, as requested, Defense Counsel Mr. Krepps has yet to disclose the identity of those still unidentified officers as agreed at the February 22, 2012 Telephone Status Conference.  That failure to disclose prevents counsel for Plaintiff from conducting depositions or other discover related to those still undisclosed officers.

  2.  As a secondary reason to extend time for discovery, Counsel for Plaintiff, Elmer Stewart Rhodes, and his family, suffered a great tragedy with the stillborn birth of their daughter at eight months, which occurred on March 6, 2012, and that great loss, and the grieving that went with it, took Counsel for Plaintiff Elmer Stewart Rhodes away from work for six weeks, and has seriously affected his practice, including the conduction of discovery in this case.  Counsel for Plaintiff also lost a close friend to cancer on April 22, 2012, and lost an additional week of work time while traveling to attend her funeral.  In total, Counsel for Plaintiff has lost seven weeks worth of work time this past three months and needs more time to conduct discovery in this case.  Counsel for Plaintiff has

withdrawn from three other cases to reduce his workload and anticipates no other delays in this case now that he is back to work full time.

     3.    There have been no previous extensions of time for discovery.  Pursuant to Local Rule 16.1.B.5, Plaintiff has attached a Scheduling Motion Certificate stating that all parties have conferred regarding this proposed modification and Defense Counsel does not consent thereto.

     4.    It is respectfully requested that the Court grant a two month, or such time as the Court shall deem sufficient, extension of the deadline for fact discovery so that Counsel for the Defense can disclose the identity of the unidentified officers depicted or heard at the specific time stamps from the arrest video, as promised, so that Counsel for Plaintiff can then depose those officers and conduct any other discovery related to them, and so that both parties may complete all other discovery.

     WHEREFORE, Plaintiff, ROBERT DEW, respectfully requests that the Court grant a two month, or such time as the Court deems sufficient, extension of the deadline for fact discovery and modify the Scheduling Order to reflect that change in the discovery deadline.

                                                Respectfully submitted,

                                                By:  /s/ Elmer Stewart Rhodes III
                                                **Elmer Stewart Rhodes III**
                                                432 E. Idaho Street
                                                Kalispell, MT 59901
                                                Telephone: (702) 353-0627
                                                FAX: (406) 755-8335
                                                E-mail: stewart.rhodes@aya.yale.edu
                                                Attorney for Plaintiff